UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. _____
*Filed Electronically*

| | |
|---|---|
| THE ESTATE OF NANCY CUNDIFF, | ) |
| by and through its administrator and | ) |
| personal representative, LARRY CUNDIFF; | ) |
| THE ESTATE OF RUBY CUNDIFF, | ) |
| by and through its administrator and | ) |
| personal representative, LARRY CUNDIFF; | ) |
| and LARRY CUNDIFF, | ) |
| husband of Ruby Cundiff; | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| v. | ) |
| | ) |
| BLACKHAWK MINING, LLC; | ) |
| PINE BRANCH MINING, LLC; | ) |
| KENTUCKY POWER COMPANY; and | ) |
| ASPLUNDH TREE EXPERT, LLC, | ) |
| | ) |
| DEFENDANTS. | ) |

**\*\*\*\*\*\*\*\*\*\***
**NOTICE OF REMOVAL**

Blackhawk Mining, LLC and Pine Branch Mining, LLC (collectively "Defendants") without waiving the right to assert any and all defenses available to them, hereby file this Notice of Removal ("Notice") of the action captioned *The Estate of Nancy Cundiff et al. v. Blackhawk Mining, LLC et al.*, Case No. 23-CI-00151, from the Breathitt Circuit Court of the Commonwealth of Kentucky ("State Court Action") to the United States District Court for the Eastern District of Kentucky, Central Division, Lexington Docket, consistent with 28 U.S.C. §§ 1441 and 1446 and Local Rule of Procedure 3.2(b). In support of removal, Defendants state as follows:

1. A true and correct copy of all process, pleadings, and orders served upon Defendants from the State Court Action are attached to this Notice as **Exhibit A.**

2.      On or about July 25, 2023, Plaintiffs, The Estate of Nancy Cundiff, by and through its Administrator and Personal Representative, Larry Cundiff; The Estate of Ruby Cundiff, by and through its Administrator and Personal Representative, Larry Cundiff; and Larry Cundiff, Husband of Ruby Cundiff (collectively "Plaintiffs") filed a Complaint in the Breathitt Circuit Court, alleging various claims against Defendants. *See generally* Ex. A, at Compl.

3.      All properly joined Defendants are diverse from all Plaintiffs and the requirements are otherwise met such that this Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332.

4.      Therefore, this action may be removed to this Court under 28 U.S.C. § 1441(b).

## DIVERSITY JURISDICTION

*A. Complete Diversity of Citizenship*

5.      This Court has diversity jurisdiction because this is a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and (2) complete diversity exists between the plaintiffs and all properly joined defendants. *See* 28 U.S.C. § 1332(a); *see also Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("[T]his Court has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds.").

*i. Diversity Among Plaintiffs and Defendants That Have Not Been Fraudulently Joined*

6.      "All Plaintiffs are residents of or owned property in the Lost Creek area of Breathitt County, Kentucky." Ex. A, at Compl. ¶ 8. Thus, for purposes of diversity all Plaintiffs are citizens of Kentucky.

7.      For diversity purposes, "a limited liability company has the citizenship of each of its members, regardless of the state in which it was organized." *Ya Landholdings, LLC v. Sunshine*

*Energy, KY I, LLC*, 871 F. Supp. 2d 650, 652 (E.D. Ky. 2012).

8. The sole member of Blackhawk Mining, LLC is Sev.en US Met Coal Inc. *See* Declaration attached hereto as **Exhibit B**, at ¶ 3. A corporation, like Sev.en US Met Coal Inc., is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

9. Sev.en US Met Coal Inc. was incorporated in Delaware and therefore both it, and Blackhawk Mining, LLC, are citizens of Delaware. *See* Ex. B at ¶ 4.

10. A corporation's "principal place of business" is the corporation's "nerve center" i.e., where its officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 599 U.S. 77, 96 (2010). As set forth in the declaration attached hereto as Exhibit B, Sev.en US Met Coal Inc.'s principal place of business is located in Prague, Czech Republic. *See* Ex. B at ¶¶ 7-17. As such, both Sev.en US Met Coal Inc. and Blackhawk Mining, LLC are also citizens of the Czech Republic for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

11. The sole member of Pine Branch Mining, LLC is Blackhawk Sub, LLC, a Delaware limited liability company. *See* Ex. B at ¶ 5. The sole member of Blackhawk Sub, LLC is Blackhawk DRE, LLC, a Delaware limited liability company. *Id.* at ¶ 6. The sole member of Blackhawk DRE, LLC is Blackhawk Mining, LLC, a Delaware limited liability company. *See id.* The sole member of Blackhawk Mining, LLC is Sev.en US Met Coal Inc. *See id.* at ¶ 3.

12. As set forth above, Sev.en US Met Coal Inc. was incorporated in Delaware with its principal place of business in Prague, Czech Republic. *See* Ex. B at ¶¶ 4, 7-17. Accordingly, Pine Branch Mining, LLC is also a citizen of Delaware and the Czech Republic. *See* 28 U.S.C. § 1332(c)(1).

13. As set forth in the declaration attached hereto as **Exhibit C**, Defendant Asplundh

Tree Expert, LLC is a limited liability company organized under the laws of Pennsylvania.

14. The members of Asplundh Tree Expert, LLC are Asplundh Tree Expert Holding, Co.; Gorilla Investor, LLC; CP Arbor Holdings, L.P.; and CGLA, Inc. *See* Ex. C.

15. Asplundh Tree Expert Holding, Co. is a Pennsylvania corporation with its principal place of business in Pennsylvania. *Id.*

16. CGLA, Inc. is a Delaware corporation with its principal place of business in Delaware. *Id.*

17. Gorilla Investor, LLC's sole member is Gorilla Holdco, Inc., which is a Delaware corporation with its principal place of business in Delaware. *Id.*

18. Finally, CP Arbor Holdings, L.P. is a limited partnership formed under the laws of Delaware. Its members are Carlyle Partners VII Arbor Holdings, L.P., CGP Arbor Aggregator, L.P. and CGP II Arbor Holdco, all of which are limited partnerships formed under the laws of Delaware. None of the partners with these entities is domiciled in Kentucky. *Id.*

19. Thus, for purposes of diversity jurisdiction, Asplundh Tree Expert, LLC is not a citizen of Kentucky.

20. Because the properly joined defendants—Blackhawk, Pine Branch, and Asplundh—are not citizens of Kentucky, and all Plaintiffs are citizens of Kentucky, complete diversity exists. *See* 28 U.S.C. § 1332; *Coyne*, 183 F.3d at 493.

*ii. Fraudulent Joinder of Kentucky Power Company*

21. Kentucky Power Company is not a properly joined defendant, and thus its joinder does not defeat the diversity jurisdiction of this Court. *Coyne*, 183 F.3d at 493. If the Court finds that a defendant was "fraudulently joined" to an action, then that defendant's joinder will not destroy diversity jurisdiction. *Id.*

22. Joinder of a non-diverse defendant is fraudulent if it is "clear that there can be no recovery [against that defendant] under the law of the state on the cause alleged or on the facts in view of the law." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

23. Plaintiffs maintain that Kentucky Power Company "contracted with the Defendant, Asplundh Tree Expert, LLC to perform tree cutting services in the area in the weeks and months before the flooding." Ex. A, at Compl. ¶¶ 6, 26. The allegations against Aplundh are that "[a]fter being contracted by Kentucky Power Company, Asplundh's employees left the streams and creeks filled with branches, limbs and trunks of trees instead of removing them from the property." *Id.* ¶ 27.

24. There is no basis for recovery as against Kentucky Power Company under Kentucky law based on these allegations.

25. Plaintiffs' allegations make plain that their contention of liability as against Kentucky Power Company is based solely on the theory of vicarious liability.

26. As a matter of law, Kentucky Power Company cannot be held vicariously liable for the alleged negligent conduct of the employees of its independent contractor. *Courtney v. Island Creek Coal Co.*, 474 F.2d 468, 469-70 (6th Cir. 1973) ("It is settled in Kentucky that one who engages an independent contractor is not legally responsible for the torts or negligence of such a contractor unless the work involves a special danger to others. It must either be a nuisance or be inherently dangerous.").

27. Plaintiffs do not allege that tree trimming is a nuisance or inherently dangerous, nor could they under Kentucky law. In *Miles Farm Supply v. Ellis*, 878 S.W.2d 803, 805 (Ky. App. 1994), the Kentucky Court of Appeals established that the test for whether an activity is inherently dangerous is whether it can be accomplished without probable injury when proper care is

exercised. Tree trimming is routinely accomplished throughout the Commonwealth (and the country) without injury when proper care is exercised and no Kentucky court has ever held that tree trimming is inherently dangerous or a nuisance.

28. Further, Kentucky does not recognize a cause of action for negligently hiring an independent contractor. *Nationwide Agribusiness Ins. Co. v. Thompson*, No. 2019-CA-1050-MR, 2022 Ky. App. Unpub. LEXIS 223, at *25 (Ct. App. Apr. 22, 2022); *Smith v. Ky. Growers Ins. Co.*, No. 2001-CA-001624-MR, 2002 Ky. App. Unpub. LEXIS 5, at *5 (Ct. App. Nov. 1, 2002) ("[W]hile some jurisdictions recognize a claim against employers for negligently hiring an independent contractor, Kentucky has not recognized such a claim.").

29. Because under Kentucky law, Kentucky Power Company cannot be held (1) vicariously liable for the actions Asplundh or (2) liable for negligently hiring Asplundh, Plaintiffs do not have a "glimmer of hope" for maintaining a claim against Kentucky Power in State Court. *Christensen v. ATS, Inc.*, 24 F. Supp. 3d 610, 613 (E.D. Ky. 2014) (internal citation omitted).

30. Therefore, Kentucky Power was fraudulently joined to this action and cannot defeat this Court's diversity jurisdiction. *See Coyne*, 183 F.3d at 493.

*B. Amount in Controversy*

31. Plaintiffs do not allege a specific amount of damages and Defendants deny that they are liable to Plaintiffs for any amount of damages, but a "fair reading" of Plaintiff's Complaint and the amount of potential damages they demand demonstrates that the alleged value of their individual claims exceeds $75,000. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001) ("[A] fair reading of the unspecified and unliquidated damages sought by Plaintiffs provided that more than $75,000 was in controversy.").

32. The Plaintiffs in this action have alleged catastrophic destruction and damage

stemming from the unprecedented flooding events that occurred in Eastern Kentucky at the end of July 2022. *See generally* Ex. A, at Compl.

33. The flooding events referred to in Plaintiffs' Complaint resulted in Governor Andrew Beshear issuing a State of Emergency on July 28, 2022. Executive Order, 2022-457, attached hereto as **Exhibit D**. On that same day, the Governor also requested that the President of the United States approve an expedited major disaster declaration for Kentucky in response to the "severe weather system that has produced multiple rounds of heavy torrential rain, creating flooding, flash flooding, mudslides, and landslides." July 28, 2022 Letter from Andrew Beshear to President Joseph R. Biden, attached hereto as **Exhibit E**. The Governor's request noted that Breathitt County was among the counties most impacted by the torrential rains. *Id.* The next day, President Biden approved the requested major disaster declaration, which provided, among other things, federal disaster assistance to the residents of Breathitt County. July 29, 2022 FEMA Press Release No. HQ-22-090, attached hereto as **Exhibit F.**

34. Although Defendants deny that their actions were in any way the cause of the alleged damages, Plaintiffs have specifically alleged that Defendants caused "significant property damage, including loss of their residence, having to find other housing, emotional distress, loss of personal property, and loss of vehicles" as a result of the flood events. *See* Ex. A, at Compl. ¶ 19.

35. Plaintiffs further allege they are entitled to compensatory damages for any "humiliation, pain and suffering," compensatory damages for "having to relocate, loss of well water supply, loss of personal property, diminution or destruction of real property," compensatory damages for the loss of consortium suffered by Larry Cundiff due to the loss of his wife," and "punitive damages against the defendants." *Id.* at "Wherefore" clause.

36. When determining whether the jurisdictional amount in controversy is met,

punitive damages "must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Hayes*, 266 F.3d at 572.

37. Defendants dispute that they are liable for any damages, including punitive damages, but Defendants recognize that Kentucky law does permit recovery of punitive damages for tort claims and, since Plaintiffs' allegations are to be taken as true at this stage, those punitive damages must be considered for removal purposes. Defendants also note that at least one Kentucky federal court has recognized that even if a "conservative punitive-to-compensatory damages ratio of 2:1" is assumed, a named Plaintiff's compensatory damages award would only need to equal $25,000.01 to satisfy the amount-in-controversy threshold. S*ee Brown v. Paducah & Louisville Ry., Inc.*, No. 3:12-CV-818-CRS, 2013 U.S. Dist. LEXIS 132608, at *12-13 (W.D. Ky. Sept. 16, 2013).

38. Given the vast expanse of harm claimed, for destruction of homes, damage to real property, lost vehicles, lost personal property, water pollution, emotional distress, wrongful death, loss of consortium, and punitive damages, it is "facially apparent from the complaint that the damages are likely above the jurisdictional requirement" for each Plaintiff. *May v. Mercy Ambulance of Evansville*, 2021 U.S. Dist. LEXIS 213484, at *4 (E.D. Ky. Nov. 4, 2021) (citation omitted); see also *Kovacs v. Chesley*, 406 F.3d 393, 397 (6th Cir. 2005) ("Absolute certainty is not required. It is sufficient if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount.").

*C. Supplemental Jurisdiction*

39. Additionally, even if some of the named Plaintiffs ultimately argue that their individual claims do not meet the amount in controversy standard, this Court still has supplemental jurisdiction over those claims. 28 U.S.C. § 1367(a).

40. Pursuant to 28 U.S.C. § 1367(a), when multiple plaintiffs assert claims that arise from the same case or controversy and all of the other elements of jurisdiction are otherwise satisfied, then supplemental jurisdiction is appropriate over the entire case if it appears that at least one named plaintiff can recover more than $75,000 from a named Defendant based on a "fair reading" of the complaint. *Engstrom v. Mayfield*, 159 Fed. Appx. 697, 701 (6th Cir. 2005) (quoting *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005)); *Cunningham v. Blaine, et al.*, Case No. 21-CV-0247-CVE-JFJ, 2021 U.S. Dist. LEXIS 132800, at *8 (N.D. Okla. July 16, 2021) ("Following Exxon, the amount in controversy requirement in a multiple plaintiff case is satisfied 'if a single plaintiff . . . can recover over $75,000 from a single defendant,' and the 'court can exercise supplemental jurisdiction over the other claims and parties that 'form part of the same case or controversy under Article III . . .'") (citation omitted); *Geerlof v. C&S Wholesale Grocers, Inc.*, No. 2:13-cv-02175-MCE-KJN, 2014 U.S. Dist. LEXIS 51428, at *20 (E.D. Ca. Apr. 14, 2014) ("Should at least one Plaintiff meet the $75,000 requirement, the Court may exercise its supplemental jurisdiction over the claims of the remaining plaintiffs.").

41. The Plaintiffs' Complaint establishes that all of the claims at issue arise from the same case or controversy. According to the Complaint, all of the Plaintiffs' claims arise from the flooding event that occurred near the River Caney in Breathitt County, Kentucky near the end of July 2022. Ex. A, at Compl. The Plaintiffs further allege that the flood was caused and/or worsened by the Defendants' operation of silt ponds which failed as a result of improper maintenance and construction and their alleged failure to properly reclaim strip mining operations, which they further contend resulted in their alleged damages. *Id.* at ¶¶ 10-13

42. As such, even if some of the Plaintiffs' attempt to defeat removal by asserting that their individual claims do not exceed the $75,000 threshold, this Court nevertheless has

9

supplemental jurisdiction over such claims because, for the reasons identified above, it is facially apparent from the Complaint that the damages are likely above the jurisdictional requirement for all Plaintiffs, let alone at least one of the Plaintiffs. 28 U.S.C. § 1367(a).

### ALL OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

43. Removal is timely because Defendants filed this Notice of Removal within thirty (30) days of July 27, 2023, the date the Summons and Complaint were received by the Defendants' registered agents. *See* 28 U.S.C. § 1446(b). Proof of service on July 27, 2023 was filed in the State Court Action and is separately attached hereto for the Court's convenience as **Exhibit G.**

44. Removal to the United States District Court for the Eastern District of Kentucky is proper because it is the federal district court for the district encompassing the Breathitt Circuit Court where the State Court Action was filed. *See* 28 U.S.C. §§ 97(a), 1441(a). Assignment to the Central Division, Lexington Docket is proper because it is the jury division that included the court from which removal is sought. *See id.*; LR 3.1(a)(2)(b).

45. A copy of all process, pleadings, and orders that have been served on Defendants are attached as Exhibit A to this Notice. *See* 28 U.S.C. § 1446(a).

46. All Defendants join in and consent to the removal of this action as evidence by the consent of their respective counsel attached as **Exhibit H.**

47. Defendants will file a Notice of Removal to Federal Court with the Breathitt Circuit Court and will serve a copy of the same upon Plaintiffs. *See* 28 U.S.C. § 1446(d).

48. By filing this Notice, Defendants do not waive any jurisdictional or other defenses that might be available to them, including but not limited to any defense pursuant to Federal Rule of Civil Procedure 12.

49. Defendants reserve the right to amend or supplement this Notice.

50. No previous application has been made for the relief requested in this Notice.

51. The Rule 7.1 Disclosure Statements for Defendants Blackhawk and Pine Branch are being filed with this pleading.

WHEREFORE, Defendants remove this action, now pending in the Breathitt Circuit Court of the Commonwealth of Kentucky to the United States District Court for the Eastern District of Kentucky, consistent with 28 U.S.C. §§ 1332, 1367, 1441, and 1446, and respectfully request that the Breathitt Circuit Court proceed no further with respect to this action.

Respectfully submitted,

*/s/ Grahmn N. Morgan*
Grahmn N. Morgan (KBA #89219)
Kristeena L. Johnson (KBA #94994)
DINSMORE & SHOHL LLP
100 W. Main St., Suite 900
Lexington, KY 40507
T: (859) 425-1000
F: (859) 425-1099
grahmn.morgan@dinsmore.com
kristeena.johnson@dinsmore.com

AND

R. Clay Larkin
Dentons Bingham Greenebaum LLP
300 West Vine Street, Ste. 1200
Lexington, KY 40507
T: (859) 288-4615
clay.larkin@dentons.com

*Counsel for Defendants Blackhawk Mining, LLC and Pine Branch Mining, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and also caused a true and correct copy of the foregoing to be served via operation of regular U.S. Mail, Postage Pre-Paid, on this 25th day of August, 2023, upon the following:

Bruce R. Bentley
MORGAN, COLLINS, YEAST & SALYER
105 North Main Street
P.O. Box 1926
London, KY 40743
T: (606) 877-0088
F: (606) 877-0096
bruce.bentley@kentuckycourage.com

and

Kyle R. Salyer
MORGAN, COLLINS, YEAST & SALYER
455 2nd Street
Paintsville, KY 41240
T: (606) 789-1135
F: (888) 751-8828
kyle.salyer@kentuckycourage.com

*Counsel for the Plaintiffs*

Jeffrey K. Phillips
Steptoe & Johnson PLLC
100 West Main Street, Suite 400
Lexington, KY 40507
T: (859) 219-8210
jeff.phillips@Steptoe-Johnson.com
*Counsel for Defendant Asplundh Tree Expert, LLC*

Wendell S. Roberts
Donald R. Yates, II
Gray, Woods & Cooper
510 16th Street
Ashland, KY 41101
T: (606) 329-2121

dyates@gwckylaw.com
wroberts@gwckylaw.com

and

Ronald Scott May
Davidson & Associates
P.O. Drawer 986
Hazard, Kentucky 41702
rmay@windstream.net

*Counsel for Defendant Kentucky Power Company*


    */s/ Grahmn N. Morgan*